**FILED**
JUL 3 1 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Calvin B. Nelson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 1270** |
| | ) | |
| Isaac Fulwood *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a District of Columbia prisoner currently residing at a halfway house in the District. Invoking *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff sues the Chairman of the United States Parole Commission and other officials for his alleged "overdetention." Compl. at 1. He alleges that the Superior Court of the District of Columbia sentenced him in 1986 to a prison term of seven to 21 years, and that "[i]t is 5 years later [apparently from plaintiff's last parole revocation] and i'm still being held on my 1986 sentence which by court order has fully expired." *Id.* at 5. Plaintiff seeks from each defendant $1,000 for each day he has been incarcerated beyond February 2007 when his sentence allegedly expired. *Id.*



Because the success of plaintiff's claim would necessarily void the complained of custody, plaintiff cannot recover monetary damages without first showing that he has invalidated the sentence by, *inter alia*, "a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see accord In re Jones*, 652 F.3d 36, 37-38 (D.C. Cir. 2011) (A "damages claim that is based on conduct whose unlawfulness would demonstrate the invalidity of a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated or called into question by issuance of a writ of habeas corpus."). Since plaintiff has made no such showing, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: July 19, 2012